NUMBER 13-03-042-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

JOSEPH JEREMY MILLER,                                                        Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      

On appeal from the 248th District Court of Harris County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Garza
 
Appellant, Joseph Jeremy Miller, pled guilty to aggravated sexual assault of a child
and true to an enhancement charge. The jury assessed punishment at fifty years’
imprisonment and a fine of $10,000. In his sole issue, appellant contends that the trial
court erred by excluding several letters he wrote to the victim’s mother. According to
appellant, the letters were admissible under the rule of optional completeness to
supplement a letter offered into evidence by the State. We conclude that appellant did not
make an appropriate objection at trial. The trial court’s judgment is therefore affirmed.          The admission and exclusion of evidence are within the discretion of the trial court. 
Montgomery v. State, 810 S.W.2d 372, 379 (Tex. Crim. App. 1991). On appeal, the
exclusion of evidence is reviewed for abuse of discretion, which means the ruling will be
upheld unless it was arbitrary or unreasonable. Id. As long as the trial court follows the
appropriate analysis, an appellate court should not impose its own judgment. Id. Indeed,
a trial court’s decision, reached by the proper analysis and tests, might be upheld in some
circumstances even though the outcome is wrong. Id. 
The rule of optional completeness allows one side to put into context writings that
otherwise might be misconstrued due to the statement only partially being in evidence. 
Wright v. State, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000). A party is allowed to
introduce into evidence the remainder of a writing or similar statements that shed light on
the originally admitted writing. Tex. R. Evid. 107; Wright, 28 S.W.3d at 535–36. The rule
ensures a fair proceeding by allowing an opposing party “to eliminate any false impressions
created by . . . incomplete portions” of a writing. Sontag v. State, 841 S.W.2d 889, 892
(Tex. App.—Corpus Christi 1992, pet ref’d); see Livingston v. State, 739 S.W.2d 311,
331–32 (Tex. Crim. App. 1987) (The rule of optional completeness is meant to “guard
against the possibility of confusion, distortion, or false impression.”). 
At trial, appellant contended that the letters should be admitted to show his
continued remorsefulness. At the same time, he conceded that the substance of the
letters was basically identical to the letter already in evidence. Given these arguments, we
cannot conclude that the trial court abused its discretion by excluding the letters. Appellant
argued for the letters’ admission based on their independent significance: they showed
that appellant’s remorsefulness continued beyond the date of the State’s letter. This is
different than arguing that the letters are admissible under the rule of optional
completeness because they are necessary to clarify the State’s letter. It is also different
than arguing that the additional letters shed light on the State’s letter. 
Appellant has preserved for appellate review only the objection he actually made
at trial, which is that the letters should have been admitted to show his continued
remorsefulness. See Tex. R. App. P. 33.1(a). As we have already concluded, however,
this argument does not amount to an argument for admission under the rule of optional
completeness. Because appellant did not make an appropriate objection at trial, this Court
cannot conclude that the trial court abused its discretion.
The trial court’s judgment is therefore affirmed. 
                                 _______________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
Do not publish.
Tex.R.App.P. 47.2(b)
Memorandum Opinion delivered 
and filed this the 12th day of August, 2004.